IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC LAMONT HARRIS,                          Civ. No. 04-6356-HO

        Petitioner,                      ORDER

    v.

JAMES BARTLETT,

        Respondent.

Petitioner, a state prisoner, filed a petition for writ of
habeas corpus based on 46 grounds.

## Background

A jury found petitioner guilty of racketeering, unlawful
possession of a firearm, unlawful use of a weapon, possession of
a controlled substance and delivery of a controlled substance.
The sentencing court imposed a sentence of 186 months
imprisonment. The Oregon Court of Appeals reversed and remanded
with instructions to the trial court to allow demurrer to the
racketeering charges, but otherwise affirmed. State v. Harris,
152 Or.App. 495, 952 P.2d 575 (1998). The Oregon Supreme Court

allowed the state's petition for review, vacated the decision of the court of appeals, and remanded for further consideration in light of State v. Fair, 326 Or. 485, 953 P.2d 383 (1998). 327 Or. 171, 957 P.2d 1221 (1998). On remand, the court of appeals affirmed. 159 Or.App. 553, 980 P.2d 1132 (1999). The Oregon Supreme Court denied review. Petitioner filed an amended petition for post conviction relief (PCR). The PCR trial court denied relief. The court of appeals affirmed from the bench. The supreme court denied review.

## Discussion

Of his 46 alleged grounds, petitioner presented only grounds 2 (ineffective assistance of counsel), 31 (sentencing error) and 38 (vagueness challenge to Oregon Racketeering and Corrupt Organization Act (ORICO)) to the Oregon Supreme Court. Resp's Exs. 113, 161. There is no question petitioner failed to identify ground 2 as a federal claim, and failed to identify an Eighth Amendment violation as part of ground 31. Resp.'s Ex. 113, 161. Petitioner also did not present Oregon's appellate courts with his argument that he was sentenced for an un-alleged and unproven affiliation with an enterprise identified as the Loq'd Out Woodlawns. Petitioner cannot now challenge his conviction or sentence in Oregon's courts. Or.Rev.Stat. §§ 138.510(3), 138.550(3), 138.650. With the possible exception of the due process component of ground 31, and ground 38, all

grounds are procedurally defaulted. Additionally, grounds 40 and 41 rest on the Fourth Amendment, and provide no basis for federal habeas relief. Stone v. Powell, 428 U.S. 465, 494 (1976).

Ground 31 alleges that the Fifth and Fourteenth Amendments were violated when petitioner was sentenced on the ORICO charge based on a crime seriousness level of 11, when the predicate offenses were level six. The sentencing court issued a written opinion stating the reasons for the crime seriousness level, including the activities of the racketeering organization, the Loq'd Out Woodlawns. Resp.'s Ex. 137. As noted, petitioner defaulted his claim that this is not the enterprise identified in the amended reindictment. Petitioner does not argue cause and prejudice to excuse this default, but appears to argue that he is actually innocent of association with or participation in the Loq'd Out Woodlawns. Petitioner's actual innocence claim is rejected because he identifies no supporting evidence.

Petitioner barely addresses his claim that he was denied due process by the sentencing court's assignment of a crime seriousness level above the level of his predicate offenses. Instead, he argues that this constitutes cruel and unusual punishment, and is inconsistent with lower federal court opinions construing federal sentencing guidelines, and state court opinions construing Oregon's guidelines. As noted, the Eighth Amendment claim is defaulted. To the extent it is not abandoned,

the court considers the due process claim within ground 31.

Petitioner assigned sentencing error in violation of due
process on direct appeal. Resp.'s Ex. 103 at 42, 48-49. The
court of appeals ultimately affirmed, without addressing this
particular assignment of error. 980 P.2d 1132. In these
circumstances, this court independently reviews the record to
determine whether a state court's adjudication of this claim
resulted in a decision that was contrary to or involved an
unreasonable application of clearly established federal law as
determined by the Supreme Court. Pirtle v. Morgan, 313 F.3d
1160, 1168 (9th Cir. 2002) (citing to 28 U.S.C. § 2254(d)(1)).
Notwithstanding this independent review, this court must defer to
an objectively reasonable state court decision. Delgado v.
Lewis, 223 F.3d 976, 981 (9th Cir. 2000).

> Except for ORS 163.095-163.105 Aggravated Murder, when
> a person is convicted of any other felony which is
> omitted from the Crime Seriousness Scale, the
> sentencing judge shall determine the appropriate crime
> category for the current crime of conviction and shall
> state on the record the reasons for the offense
> classification.

Or. Admin. R. 213-004-0004.

> Although racketeering is an unranked offense, its
> seriousness, in most cases, is determined by the crime
> seriousness of the underlying crime. See Commentary
> Oregon Sentencing Guidelines Implementation Manual, 14
> (1989). However, a sentencing court still retains the
> discretion to decide that a higher ranking is
> appropriate. We will affirm a decision to that effect
> so long as the court states its reasons on the record,
> and those reasons reflect a proper exercise of the
> court's discretion.

State v. Coleman, 130 Or.App. 656, 883 P.2d 266, 272 (1994). The sentencing court provided the following reasons for assigning the highest crime seriousness ranking.

> The evidence in the case showed the racketeering organization, the Loq'd Out Woodlawns, to have been involved in promoting and protecting the drug activities and violent predatory criminal acts of its members through violence, intimidation and retaliation. The conduct of the racketeering organization went as far as attempted murders and the intimidation of witnesses in the court system. Each defendant was convicted of benefitting from this violent lawlessness in the conduct of his own criminal activities. The effect of this conduct on society is at least as great as the commission of murder.

Resp.'s Ex. 137.

The court of appeals issued its appellate judgment affirming on April 14, 1999. Resp.'s Ex. 120. On federal habeas review, the question to be decided is not whether a state court's sentencing decision is correct, but whether it is so arbitrary and capricious that it violates due process. Richmond v. Lewis, 506 U.S. 40, 50 (1992). Petitioner concedes that no rule prohibits the sentencing court from assigning a higher seriousness level to the crime of racketeering than the level of the predicate offenses. The sentencing court stated its reasons for assigning a higher level, and petitioner points to no evidence that its factual determinations are clearly erroneous. He also did not challenge the sentencing court's fact-finding on appeal. Petitioner does not demonstrate, and this court cannot say, that the decision of the Oregon Court of Appeals was

contrary to or involved an unreasonable application of clearly established federal law regarding required due process at sentencing, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1).

To the extent ground 38 is exhausted and not defaulted, this ground also does not provide a basis for relief. Petitioner challenged ORICO for vagueness in the court of appeals under the state and federal constitutions. Resp.'s Ex. 103 at 129-40. The court held that the words "associated with," "participate," "enterprise," and "pattern or racketeering activity" are not unconstitutionally indefinite or vague, and provide a reasonable degree of certainty. 980 P.2d at 1136-37. This ruling did not result in a decision that is contrary to clearly established federal law as determined by the Supreme Court. The Supreme Court has not held ORICO, or the federal statute upon which it is based, invalid for vagueness. The provisions are not so uncertain that the court's decision can be said to amount to an unreasonable application of Supreme Court precedent holding that

///

///

///

overly vague criminal statutes violate due process.  <u>See</u> <u>e.g.</u>

<u>Gayned v. City of Rockford</u>, 408 U.S. 104, 108 (1972).

Conclusion

Based on the foregoing, the petition for writ of habeas
corpus is denied.  This proceeding is dismissed.

IT IS SO ORDERED.

DATED this _23rd_ day of December, 2005.

United States District Judge